DAVID L. OSIAS (BAR NO. 091287)
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: dosias@allenmatkins.com

JOSHUA A. DEL CASTILLO (BAR NO. 239015)
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
515 South Figueroa Street, 9th Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: jdelcastillo@allenmatkins.com

Attorneys for Plaintiff
Stephen J. Donell, Court-Appointed Permanent Receiver

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

STEPHEN J. DONELL, Court-Appointed Permanent Receiver for PLUS MONEY, INC., a Nevada corporation; THE PREMIUM RETURN FUND LIMITED LIABILITY PARTNERSHIP, a Nevada limited partnership; THE PREMIUM RETURN FUND II LIMITED LIABILITY LIMITED PARTNERSHIP, a Nevada limited partnership; THE PREMIUM RETURN FUND III LIMITED LIABILITY LIMITED PARTNERSHIP, a Nevada limited partnership; RETURN FUND, LLC; RETURN FUND II, LLC; RETURN FUND III, LLC; RETURN FUND IV, LLC; RETURN FUND V, LLC; RETURN FUND VI, LLC; and their respective subsidiaries and affiliates,

    Plaintiff,

    v.

ERIC M. ANDERSON, an individual,

    Defendant.

Case No. '10 CV 1148 L NLS

COMPLAINT FOR (1) FRAUDULENT TRANSFER; (2) UNJUST ENRICHMENT; AND (3)

Plaintiff Stephen J. Donell, the court-appointed permanent receiver (the "Receiver") for Plus Money, Inc., The Premium Return Fund Limited-Liability Limited Partnership, The Premium Return Fund II Limited-Liability Limited Partnership, The Premium Return Fund III Limited-

860765.01/LA

Liability Limited Partnership, Return Fund, LLC, Return Fund II, LLC, Return Fund III, LLC, Return Fund IV, LLC, Return Fund V, LLC, Return Fund VI, LLC, and their respective subsidiaries and affiliates (collectively, the "Receivership Entities"), hereby brings the following Complaint against the above-captioned Defendant and alleges, on behalf of the Receivership Entities, as follows:

## I. JURISDICTION AND VENUE.

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1367(a), and the doctrines of ancillary and supplemental jurisdiction.

2. This Court may exercise personal jurisdiction over the above-captioned Defendant pursuant to Federal Rule of Civil Procedure 4(k)(1)(D) and 28 U.S.C. §§ 754 and 1692 because the assets sought herein constitute "property belonging to ... the entities in receivership" within the meaning of a Preliminary Injunction and Order: (1) Freezing Assets; (2) Appointing a Permanent Receiver; (3) Requiring Accountings; and (4) Prohibiting the Destruction of Documents (the "Appointment Order"), entered on May 16, 2008.

3. Venue in the Southern District of California is proper under 28 U.S.C. § 1391 because this action is an ancillary proceeding to the action entitled <u>Secs. and Exch. Comm'n v. Plus Money, Inc., et al.</u>, Case No. 08-0764 (the "SEC Action"), and because the Receiver was appointed in this District pursuant to the Appointment Order.

4. The Fraudulent Transfer statute of California, Cal. Civ. Code §§ 3439 *et seq.*, mirrors the Uniform Fraudulent Transfer Act.

## II. PARTIES.

5. The Receiver is the duly appointed Receiver for the Receivership Entities, and was appointed as Receiver for the entities pursuant to the Appointment Order, entered by this Court on May 16, 2008, in the SEC Action. Among other things, the Appointment Order calls for the Receiver to recover and marshal, for the benefit of creditors of and investors in the Receivership Entities, any and all assets which were owned by the Receivership Entities or were otherwise purchased with assets of the Receivership Entities. The Receiver holds exclusive authority and

control over the assets of the Receivership Entities, including over the causes of action alleged herein, over which this Court has ancillary and supplemental jurisdiction.

6. Plus Money, Inc. ("Plus Money") is a Nevada corporation, originally based in El Cajon, California. Since 2004, Plus Money served as the investment adviser to, general partner, and/or manager for the other Receivership Entities.

7. The Premium Return Fund LLLP is a Nevada limited partnership. Plus Money is its general partner.

8. The Premium Return Fund II LLLP is a Nevada limited partnership. Plus Money is its general partner.

9. The Premium Return Fund III LLLP is a Nevada limited partnership. Plus Money is its general partner.

10. Return Fund, LLC is a Nevada limited liability company. Plus Money is its manager.

11. Return Fund II, LLC is a Nevada limited liability company. Plus Money is its manager.

12. Return Fund III, LLC is a Nevada limited liability company. Plus Money is its manager.

13. Return Fund IV, LLC is a Nevada limited liability company. Plus Money is its manager.

14. Return Fund V, LLC is a Nevada limited liability company. Plus Money is its manager.

15. Return Fund VI, LLC is a Nevada limited liability company. Plus Money is its manager.

16. On information and belief, Defendant Eric M. Anderson ("Anderson" or "Defendant") is a citizen and resident of the County of San Diego, California, and was an investor in one or more of the Receivership Entities, as described further below.

### III. THE PURPORTED BUSINESS OF THE RECEIVERSHIP ENTITIES AND THE COMMENCEMENT OF THE SEC ACTION.

17. The Receivership Entities, individually and collectively, raised money from investors based on misrepresentations that the Receivership Entities were engaged in so-called covered call option trading, and that their business activities were restricted to call option trading in securities. Returns of investments were promised to be paid from profits earned in connection with those activities. In actuality, and as addressed below, returns paid to investors were paid from funds raised from later investors.

18. On or about April 28, 2008, the United States Securities and Exchange Commission (the "Commission") initiated the SEC Action against the Receivership Entities, Matthew La Madrid, Plus Money's President, and others, alleging violations of federal securities laws. The Commission subsequently petitioned for the Receiver's appointment, and the Appointment Order was entered on May 16, 2008.

### IV. THE RECEIVER'S AUTHORITY AND INVESTIGATION.

19. Pursuant to the terms of the Appointment Order, the Receiver is vested with exclusive authority and control over the assets of the Receivership Entities. Specifically, Section VI of the Appointment Order vests the Receiver with the "full powers of an equity receiver, including, but not limited to .... *full power to sue* ... and take into possession all [receivership] property." (emphasis added.)

20. Based upon the analysis conducted by the Receiver and his forensic accountant, the Receiver concluded that the Receivership Entities conducted a Ponzi-like investment scheme. Specifically, the Receiver and his forensic accountant documented large transfers of funds from later Receivership Entities to those established earlier, which funds the earlier entities then paid to investors as purported returns on investments, activity typical of a Ponzi-like scheme.

### V. DEFENDANT'S INVESTMENT IN AND RECEIPT OF PAYMENTS FROM THE RECEIVERSHIP ENTITIES.

21. On information and belief, Defendant transferred to or invested in the Receivership Entities a total of $829,000.00.

22. Based on the Receiver's most recent forensic accounting, and on information and belief, the Receivership Entities paid Defendant a total of $1,291,107.50, including payments of $462,107.50 in excess of the total amount Defendant transferred to or invested in the Receivership Entities.

23. Based on the Receiver's forensic accounting, the payments made by the Receivership Entities to Defendant in excess of Defendant's total investment were paid from the proceeds of a Ponzi-like scheme, were generated from moneys received by the Receivership Entities from other investors, and are subject to disgorgement to the Receiver pursuant to the Appointment Order.

24. On or about October 19, 2009, the Receiver's counsel sent a written demand for disgorgement to Defendant, requesting that all payments received by Defendant from the Receivership Entities in excess of Defendant's total investment be immediately returned to the Receiver, or evidence that Defendant had not received payments in excess of the amount invested. A true and correct copy of the Receiver's written demand for disgorgement is attached hereto as Exhibit A. On January 6, 2010, the Receiver's counsel sent a written follow-up demand to Defendant, requesting that all payments received by Defendant from the Receivership Entities in excess of Defendant's total investment be immediately returned to the Receiver. A true and correct copy of the Receiver's written disgorgement demand is attached hereto as Exhibit B.

25. As of the date of this Complaint, Defendant has failed to return any of the $462,107.50 received from the Receivership Entities in excess of Defendant's total investment.

## COUNT I – FRAUDULENT TRANSFER

### (as against Defendant Anderson)

26. The Receiver incorporates herein each and every allegation contained in Paragraphs 1 through 25, inclusive, hereinabove set forth.

27. On information and belief, over the course of their pre-receivership operations, the Receivership Entities paid $462,107.50 to Defendant in excess of Defendant's total investment in the Receivership Entities, with the intent to hinder, delay, or defraud creditors.

28. On information and belief, the Receivership Entities received no reasonably equivalent value or consideration, directly or indirectly, in exchange for the $462,107.50 paid to Defendant in excess of Defendant's aggregate investment.

29. On information and belief, at the time the Receivership Entities paid Defendant the subject $462,107.50, the Receivership Entities were engaged or about to engage in a business or transaction for which their remaining assets were unreasonably small in relation to the business or transaction.

30. On information and belief, the Receivership Entities were insolvent, or became insolvent shortly after the subject $462,107.50 payments were made to Defendant.

31. On information and belief, the Receivership Entities intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

## COUNT II – UNJUST ENRICHMENT

### (as against Defendant Anderson)

32. The Receiver incorporates herein each and every allegation contained in Paragraphs 1 through 31, inclusive, hereinabove set forth.

33. As detailed above, on information and belief, the Receivership Entities paid $462,107.50, in the aggregate, to Defendant, in excess of Defendant's total investment in the Receivership Entities. Such payments were made from the proceeds of a Ponzi-like scheme and were generated from other investors.

34. As detailed above, on information and belief, the Receivership Entities received no equivalent value or consideration in exchange therefore.

35. Defendant has thus been unjustly enriched in the amount of $462,107.50, which amount is immediately due and owing to the Receiver pursuant to the Appointment Order.

## COUNT III – CONSTRUCTIVE TRUST

### (as against Defendant Anderson)

36. The Receiver incorporates herein each and every allegation contained in Paragraphs 1 through 35, inclusive, hereinabove set forth.

37. As detailed above, Defendant has been unjustly enriched in the amount of $462,107.50 as a result of Defendant's receipt of payments from the Receivership Entities in excess of Defendant's aggregate investment in the Receivership Entities.

38. Because Defendant has been unjustly enriched in the amount of $462,107.50, Defendant holds that amount in constructive trust for the Receiver.

39. The Receiver is therefore entitled to a judgment of $462,107.50 against Defendant.

**REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

**On Count I:**

(a) For a judgment against Defendant avoiding the transfer of the subject $462,107.50 to Defendant; and

(b) For an order directing the indentified Defendant to immediately pay $462,107.50, plus prejudgment interest, attorneys' fees, and costs, to the Receiver; and

(c) For such other and further relief as the Court may deem proper.

**On Count II:**

(a) For a judgment against Defendant in the amount of $462,107.50, plus attorneys' fees and costs; and

(b) For an order directing Defendant to immediately pay $462,107.50, plus prejudgment interest, attorneys' fees, and costs, to the Receiver; and

(c) For such other and further relief as the Court may deem proper.

**On Count III:**

(a) For a judgment against Defendant in the amount of $462,107.50, plus attorneys' fees and costs; and

(b) For an order declaring Defendant to be holding $462,107.50, plus prejudgment interest, attorneys' fees, and costs, in constructive trust for the Receiver; and

(c) For such other and further relief as the Court may deem proper.

Dated: May 26, 2010

By: /s/ David L. Osias
DAVID L. OSIAS
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
Attorneys for Plaintiff
STEPHEN J. DONELL, Court-Appointed Permanent Receiver

# Allen Matkins

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law
515 South Figueroa, 9th Floor | Los Angeles, CA 90071-3309
Telephone: 213.622.5555 | Facsimile: 213.620.8816
www.allenmatkins.com

Joshua A. del Castillo
E-mail: jdelcastillo@allenmatkins.com
Direct Dial: 213.955.5591   File Number: 142852-00002/LA841526.01

October 19, 2009

Eric M. Anderson
3368 Wentworth Way
Jamul, CA 91935

Re: **SEC v. Plus Money, Inc., et al.**
USDC, Southern District of California Case No. 08-cv-0764 MMA (NLS)
**Return of Funds Paid by Receivership Entities**

Dear Mr. Anderson:

On April 28, 2008, the United States Securities and Exchange Commission (the "Commission") brought the above-referenced action against Defendants Matthew La Madrid, Plus Money, Inc., and others, for violating federal securities laws. Based on the allegations presented in the Commission's Complaint, the District Court issued a preliminary injunction and appointed Stephen J. Donell (the "Receiver") as receiver for Defendant Plus Money, Inc. and Relief Defendants The Premium Return Fund Limited-Liability Limited Partnership, The Premium Return Fund II Limited-Liability Limited Partnership, The Premium Return Fund III Limited-Liability Limited Partnership, Return Fund, LLC, Return Fund II, LLC, Return Fund III, LLC, Return Fund IV, LLC, Return Fund V, LLC, Return Fund VI, LLC, and their subsidiaries and affiliates (each a "Receivership Entity" and collectively, the "Receivership Entities"). This firm represents the Receiver.

Pursuant to the terms of the District Court's Preliminary Injunction and Order: (1) Freezing Assets; (2) Appointing a Permanent Receiver; (3) Requiring Accountings; and (4) Prohibiting the Destruction of Documents (the "Appointment Order")[1], the Receiver is charged with, among other things, investigating the activities of the Receivership Entities, gathering and recovering assets of the Receivership Entities ("Receivership Assets"), and pursuing claims – including bringing actions against third parties to recover Receivership Assets, where necessary.

---

[1] The Appointment Order and all other relevant materials filed in connection with the above-referenced matter are available on the Receiver's website at www.fedreceiver.com.

Los Angeles | Orange County | San Diego | Century City | San Francisco | Del Mar Heights | Walnut Creek

Exhibit A
Page 9

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law

Eric M. Anderson
October 19, 2009
Page 2

In connection with his duties under the Appointment Order, the Receiver has obtained and analyzed the financial and other records of the Receivership Entities and numerous third parties. As of the date of this correspondence, the Receiver has reviewed and analyzed tens of thousands of relevant documents and financial transactions.

As a result of his investigation and analysis, and as presented in his Fourth Interim Report, the Receiver has concluded that the business activities of the Receivership Entities exhibit the characteristics of a Ponzi-like scheme, that very little of the money obtained from investors was invested as represented, and that much of the money obtained from investors was put to uses other than as represented, or was misappropriated by the Receivership Entities' principals and related parties. The Receiver has also concluded that the returns paid to investors were paid not from income on actual investments, but from funds obtained from later investors. Thus, any returns paid to investors in excess of their investment constitute ill-gotten gains, fraudulent transfers, and unjust enrichment, and must be returned to the Receiver pursuant to the Appointment Order.

The Receiver is currently prosecuting the related action entitled <u>Donell v. Lopez Perales, et al.</u>, USDC Southern District of California Case No. 08-cv-0823 MMA (NLS) in an effort to recovery approximately $10 million in Receivership Assets wrongfully transferred to the Defendants in that action. Given the results of the Receiver's investigation and analysis, he further anticipates bringing additional civil actions in the near future against other third parties, including investors, who were the recipients of ill-gotten gains.

The Receiver's records indicate that you received $447,107.50 in excess of your investment, if any, without providing the Receivership Entities any reasonably equivalent value in return. The Receiver therefore demands that you return this amount promptly. As noted above, the Receiver is empowered to file a civil suit against you in order to recover the full amount. In the event that a lawsuit is necessary, the Receiver will seek to recover the full amount, and will ask the presiding court to award legal interest thereon.

The Receiver is sensitive to the expense, delay, and uncertainty that litigation can impose upon both parties. The Receiver has considered these factors, and others, and has secured permission from the appointing Court to evaluate and accept reasonable settlement offers, subject to certain limitations. Of course, the most favorable settlement terms are likely available before the Receiver is required to incur fees and costs to initiate and maintain a lawsuit. We therefore urge you to contact the Receiver as soon as possible to discuss the issue, and avoid potentially unnecessary expense.

**<u>If you believe you did not receive $447,107.50 in excess of your investment, if any, dispute the Receiver's conclusions, or would like to discuss the possibility of a settlement, please contact the Receiver directly, and provide clear documentation in support of your position within 15 days from your receipt of this letter.</u>**

Exhibit A
Page 10

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law

Eric M. Anderson
October 19, 2009
Page 3

The Receiver's contact information is as follows:

> Stephen J. Donell
> Offices of Stephen J. Donell, Receiver
> 12121 Wilshire Boulevard #301
> Los Angeles, CA 90025
> T: 310.207.8481 | F: 310.207.8483
> steve.donell@fedreceiver.com

Thank you very much for your prompt attention to this matter.

Very truly yours,

Joshua A. del Castillo

JAD

cc: Stephen J. Donell, Receiver
David L. Osias, Esq.

Exhibit A
Page 11

# Allen Matkins

**Allen Matkins Leck Gamble Mallory & Natsis LLP**
Attorneys at Law
515 South Figueroa, 9th Floor | Los Angeles, CA 90071-3309
Telephone: 213.622.5555 | Facsimile: 213.620.8816
www.allenmatkins.com

**Joshua A. del Castillo**
E-mail: jdelcastillo@allenmatkins.com
Direct Dial: 213.955.5591   File Number: 142852-00002/LA848241.01

January 6, 2010

Eric M. Anderson
1483 Hidden Mesa Trail
El Cajon, CA 92019-3801

Re:   **SEC v. Plus Money, Inc., et al.**
      USDC, Southern District of California Case No. 08-cv-0764 MMA (NLS)
      **Return of Funds Paid by Receivership Entities**

Dear Mr. Anderson:

    I am writing to follow-up on the October 19, 2009 disgorgement demand from this office made to you on behalf of Stephen J. Donell (the "Receiver") as receiver for Defendant Plus Money, Inc. and Relief Defendants The Premium Return Fund Limited-Liability Limited Partnership, The Premium Return Fund II Limited-Liability Limited Partnership, The Premium Return Fund III Limited-Liability Limited Partnership, Return Fund, LLC, Return Fund II, LLC, Return Fund III, LLC, Return Fund IV, LLC, Return Fund V, LLC, Return Fund VI, LLC, and their subsidiaries and affiliates (collectively, the "Receivership Entities") in the above-referenced action, and to address your October 30, 2009 response to the disgorgement demand.

    Specifically, in your October 30, 2009 correspondence to the Receiver, you disputed the Receiver's conclusion that you received a minimum of $447,107.50 in excess of your investment, if any, without providing the Receivership Entities any reasonably equivalent value in return. In support of your position that you actually suffered a loss in excess of $300,000.00 in connection with investments in the Receivership Entities, you cited excerpts from the Receiver's accounting showing substantial payments to the Receivership Entities from an entity identified as Amerifund Financial, Inc. ("Amerifund Financial"), a corporation registered with the Secretary of State of California.[1]

---

[1] A copy of Amerifund Financial's registration with the Secretary of State of California is enclosed herewith, for your reference.

Los Angeles | Orange County | San Diego | Century City | San Francisco | Del Mar Heights | Walnut Creek

Exhibit ___B___

Page ___12___

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law

Eric M. Anderson
January 6, 2010
Page 2

      Amerifund Financial may have suffered a net loss in connection with its investments, if any, in the Receivership Entities, and might therefore be entitled to submit a claim against the estate of the Receivership Entities at an appropriate time. However, Amerifund Financial's corporate losses are irrelevant to your personal losses or gains from investment in the Receivership Entities.

      The Receiver has updated his accounting in connection with your October 30, 2009 letter. The updated accounting indicates that you, in your individual capacity, received a minimum of $496,107.50 in excess of your investment, if any. I therefore reiterate the Receiver's demand that you promptly disgorge these funds. As noted in the original disgorgement demand, the Receiver is empowered to file suit against you in order to recover the $496,107.50 now demanded. In the event that a lawsuit is necessary, the Receiver will seek to recover the full amount, and will ask the presiding court to award legal interest thereon.

      The Receiver is sensitive to the expense, delay, and uncertainty that litigation can impose upon both parties. In consideration of these factors, and others, the Receiver has secured permission from the appointing Court to evaluate and accept reasonable settlement offers, subject to certain limitations. I therefore urge you to contact the Receiver as soon as possible to discuss the issue, and avoid potentially unnecessary expense.

      Please the Receiver, or me, to discuss the Receiver's disgorgement demand, and any possible settlement, at your earliest convenience, but no later than January 15, 2009.

Exhibit B
Page 13

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law

Eric M. Anderson
January 6, 2010
Page 3

    The Receiver's contact information is as follows:

        Stephen J. Donell
        Offices of Stephen J. Donell, Receiver
        12121 Wilshire Boulevard #301
        Los Angeles, CA 90025
        T: 310.207.8481 | F: 310.207.8483
        steve.donell@fedreceiver.com

    Thank you very much for your prompt attention to this matter.

        Very truly yours,

        Joshua A. del Castillo

JAD

cc:    Stephen J. Donell, Receiver
      David L. Osias, Esq.
      (via email only)

Exhibit B
Page 14

# California Business Portal

Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of JAN 01, 2010 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation |||
|---|---|---|
| AMERIFUND FINANCIAL, INC. |||
| Number: C2454931 | Date Filed: 1/3/2003 | Status: active |
| Jurisdiction: California |||
| Address |||
| 9952 DOLORES ST |||
| SPRING VALLEY, CA 91977 |||
| Agent for Service of Process |||
| ERIC M ANDERSON |||
| 3570 BRITTANY CT |||
| JAMUL, CA 91935 |||

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

Exhibit
Page

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS013990
Cashier ID: bhartman
Transaction Date: 05/27/2010
Payer Name: PLUS MONEY RECEIVERSHIP
----------------------------------
CIVIL FILING FEE
 For: DONELL V ANDERSON
 Case/Party: D-CAS-3-10-CV-001148-001
 Amount:         $350.00
----------------------------------
CHECK
 Check/Money Order Num: 001076
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

**ORIGINAL**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
STEPHEN J. DONELL, Court-Appointed Permanent Receiver for PLUS MONEY, INC., a Nevada corporation (et al.,)

**(b)** County of Residence of First Listed Plaintiff **Los Angeles**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David L. Osias | Allen Matkins Leck Gamble Mallory & Natsis LLP
501 W. Broadway, 15th Fl., San Diego, CA 92101 | 619.233.1155

## DEFENDANTS
ERIC M. ANDERSON    2010 MAY 27 PM 12:34

County of Residence of First Listed Defendant **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**'10 CV 1148 L NLS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. sections 754 and 1692    27:1331 ATS
Brief description of cause:
Plaintiff Receiver is suing to recover profits from Ponzi-like scheme

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 462,107.50
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE **Michael Anello** DOCKET NUMBER **08-cv-0764**

DATE **05/26/2010**
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 13990   AMOUNT $350   5/27/10 BH   APPLYING IFP   JUDGE   MAG. JUDGE